MARC R. GREENBERG (SBN 123115)
**TUCKER ELLIS LLP**
515 South Flower Street, 42nd Floor
Los Angeles, CA 90971
Telephone: 213-430-3400
Facsimile: 213-430-3409

Attorneys for Claimant
PERFECTUS ALUMINUM, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY 279,808 ALUMINUM STRUCTURES IN THE SHAPE OF PALLETS,<br><br>Defendants. | CASE NO.: CV 18-1023 DMG (SPx)<br><br>**CLAIMANT PERFECTUS ALUMINUM, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CLAIM OF PERFECTUS ALUMINUM, INC. AND ENTER DEFAULT**<br><br>[Concurrently filed with Declaration of Marc Greenberg; Request for Judicial Notice]<br><br>Date: December 13, 2019<br>Time: 10:00 a.m.<br>Room: 8C |

I.      INTRODUCTION

Perfectus Aluminum, Inc. ("Perfectus") is entitled to file a claim and defend itself against the government's attempt to default against approximately 280,000 aluminum pallets (the "Pallets"). There is absolutely no bar to Perfectus's claim. Specifically, Perfectus is an active corporation represented by counsel and it is not a "fugitive" that is "disentitled" from filing a claim and defending itself in this action.

As an initial matter, Perfectus is an active corporation in California. Perfectus is represented by counsel, Marc R. Greenberg Esq., from the law firm of Tucker Ellis LLP. Perfectus is entitled to exercise its legal rights to seek a claim in this action through its attorneys.

Second, the fugitive disentitlement doctrine does not apply to Perfectus. The doctrine is only applicable to a corporation if its "majority shareholder" or "individual filing the corporation's claim" is a "fugitive" as defined under 28 U.S.C. Section 2466. Neither, Perfectus – the corporation – nor its sole shareholder, Jacky Cheung ("Cheung"), is a fugitive. Indeed, Cheung is not a "person" "avoiding criminal prosecution" as he is not even a named defendant in any indictment. *See* 28 U.S.C. §2466(a) (defining "fugitive"). Because the statutory prerequisites have not been satisfied with respect to Perfectus, Perfectus is not subject to disentitlement pursuant to this doctrine.

Accordingly, the Court should deny the government's request to strike Perfectus's claim and enter default against Perfectus.

II.     BACKGROUND

A.      **Perfectus Aluminum, Inc.**

On December 4, 2014, Perfectus Aluminum, Inc. ("Perfectus") filed its articles of incorporation with California's Secretary of State. Request for Judicial Notice ("RJN"), Ex. 1.

On August 3, 2015, Perfectus filed its Statement of Information with California's Secretary of State. RJN, Ex. 2. Jacky Cheung ("Cheung") is listed as the sole officer and director and CEO of Perfectus per the Statement of Information. RJN, Ex. 2.

On January 10, 2017, Perfectus re-filed a Statement of Information with California's Secretary of State. RJN, Ex. 3. Cheung continued to be listed as the sole officer and director and CEO of Perfectus. RJN, Ex. 3.

Perfectus is an "active" corporation pursuant to California's Secretary of State website. RJN, Ex. 4.

### B. Civil Forfeiture Proceedings

On February 7, 2018, the government filed a civil forfeiture action against Defendant Approximately 279,808 Aluminum Structure in the Shape of Pallets (the "Pallets"). Declaration of Marc R. Greenberg ("Greenberg Decl."), ¶ 2.

On March 16, 2018, Cheung submitted a claim on behalf of Perfectus, stating a claim to the Pallets (the "Claim"). Cheung identified himself as the "sole shareholder" of Perfectus in the Claim. Greenberg Decl., ¶ 3, Ex. A.

### B. Criminal Proceedings

On May 7, 2019, the government filed criminal charges against individuals and corporate defendants for the alleged illegal importation of aluminum extrusions into the United States: (1) Zhongtian Liu; (2) China Zhongwang Holdings Limited; (3) Zhaohua Chen; (4) Xiang Chun Shao; (5) Perfectus Aluminum Inc.; (6) Perfectus Aluminum Acquisitions, LLC; (7) Scuderia Development, LLC; (8) 1001 Doubleday, LLC; (9) Von Karman-Main Street, LLC; and (10) 10681 Production Avenue, LLC (collectively, "Defendants"). Greenberg Decl., ¶ 4. Defendants have not appeared in the criminal action. Greenberg Decl., ¶ 4.

On September 19, 2019, the Court issued an order finding that Defendants Perfectus Aluminum Inc., Perfectus Aluminum Acquisitions, LLC, and Scuderia Development, LLC were properly served and failed to appear. Greenberg Decl., ¶ 5. The Court ordered that Defendants Perfectus Aluminum Inc., Perfectus Aluminum Acquisitions, LLC, and Scuderia Development, LLC pay civil contempt sanctions. Greenberg Decl., ¶ 6.

## III. ARGUMENT

### A. Perfectus is Entitled to Participate in this Action

Perfectus is a domestic California corporation in good standing to file a claim in the forfeiture action. *See* RJN, Ex. 4. Perfectus has retained Marc R. Greenberg, Esq., from the law firm of Tucker Ellis LLP, to represent it in this action. *See* Greenberg Decl., ¶ 1. The government's argument that Perfectus is barred from participating in this action due to its "suspended" status and lack of counsel is therefore moot.

### B. The Fugitive Disentitlement Doctrine Does Not Apply to Perfectus

Under the disentitlement provision, codified at 28 U.S.C. §2466 ("Section 2466"), a court may disallow a "person" to pursue a claim against property that is the subject of a civil asset forfeiture proceeding upon a finding that the "person," "in order to avoid criminal prosecution: (A) purposely leaves the jurisdiction of the United States; (B) declines to enter or reenter the United States to submit to its jurisdiction; or (C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person." 28 U.S.C. §2466(a)(1). A five-element test determines whether a fugitive may be disentitled: (1) a warrant or similar process must have been issued in a criminal case for the claimant's apprehension; (2) the claimant must have had notice or knowledge of the warrant or process; (3) the criminal case must be related to the forfeiture action; (4) the claimant must not be confined or otherwise held in custody in another jurisdiction; and (5) the claimant must have deliberately avoided criminal prosecution by leaving the United States, declining to enter or reenter the country, or otherwise evading the criminal court's jurisdiction. *U.S. v. $6,190.00 in U.S. Currency*, 581 F.3d 881, 886 (2009).

A "person" is not a "corporation" as defined under Section 2466, subdivision (a). *See* 28 U.S.C. §2466(b) (distinguishing when a "person" versus a "corporation" falls under the fugitive disentitlement doctrine). Disentitlement can only extend to a "corporation" under Section 2466, subdivision (b), when: a "majority shareholder, or individual filing the claim on behalf of the corporation *is a person to whom subsection (a) applies.*" (Italics added.)

Fugitive disentitlement is "a severe sanction that courts should not lightly impose." *Mastro v. Rigby*, 764 F.3d 1090, 1096 (9th Cir. 2014) (quoting *United State v. Murguia-Oliveros*, 421 F.3d 951,

3

**CLAIMANT PERFECTUS ALUMINUM, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CLAIM OF PERFECTUS ALUMINUM, INC. AND ENTER DEFAULT**

1  954 (9th Cir. 2005).  Disentitlement is not mandated even when its requirements are satisfied; rather, the act is couched in permissive terms that a court "may disallow" a fugitive from invoking federal judicial resources under those circumstances.  See 28 U.S.C. §2466.

### 1. *Perfectus's Majority Shareholder Is Not A Fugitive, Nor Is Perfectus*

The fugitive disentitlement doctrine does not apply to corporations unless its majority shareholder or the individual asserting claims on behalf of the corporation is a fugitive.  28 U.S.C. §2466(b) (corporate claimant may be disentitled "if any majority shareholder, or individual filing to claim on behalf of the corporation is a person" for whom the statutory prerequisites are met); *U.S. v. $6,976,934.65 Plus Interest*, 478 F. Supp. 2d 30, 43 (2007) (§2466(b) "allows a court to act in cases where the relationship between a corporate entity-claimant and a fugitive natural person is such that the person can be said to be acting through the corporate entity in an attempt at 'using the resources of the courts of the United States in furtherance of a claim' in a forfeiture case").  A corporation alone cannot be a "fugitive."  See 28 U.S.C. 2466(a) (defining a "person" as a fugitive under the fugitive disentitlement doctrine).

The government fails to identify *any* "fugitive" disentitling Perfectus from filing a claim for the Pallets in this action.  Perfectus is solely owned by Cheung.  See Greenberg Decl., ¶ 3, Ex. A.  ***Cheung is not a named-criminal defendant avoiding criminal prosecution*** and therefore not a "fugitive" under the five-statutory element test.  See 28 U.S.C. §2466(a); *see, e.g., United States v. Any and all Funds on Deposit in Account Number XXXXX-XXXXXXXX at HSBC Bank PLC, 55 Corporation Street, Coventry, United Kingdom, held in the Name of Jittisopa Siriwan, and any Property Traceable Thereto* ("*Any & All Funds on Deposit*"), 87 F. Supp. 3d 163, 168 (2015) (fugitive disentitlement doctrine did not apply where individual indicted in criminal action did "not disregard[] the indictment against her" and subsequently filed claims on behalf of entities in civil forfeiture proceedings).  There is no "warrant or process" issued against Cheung.  See 28 U.S.C. §2466(a)(1).  Cheung has not "purposely [left] the jurisdiction of the United States," "decline[d] to enter or render the United States" or "otherwise evade[] the jurisdiction of the court in which a criminal case is pending against" him "to avoid criminal prosecution."  See 28 U.S.C. §2466(a)(1)(A)-(C).  Nor does the government allege that Cheung is a

4

**CLAIMANT PERFECTUS ALUMINUM, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CLAIM OF PERFECTUS ALUMINUM, INC. AND ENTER DEFAULT**

1  "fugitive" disentitling Perfectus from filing a claim in this action.

2  Accordingly, Perfectus's claim to the Pallets should not be stricken and default entered against
3  Perfectus.

### 2. *Perfectus is Entitled to File a Claim to the Pallets*

Perfectus is fully entitled to file a claim in the civil forfeiture action as neither it (a corporation) nor its majority shareholder (Cheung) is a "fugitive." *See* 28 U.S.C. §2466(b) (doctrine applies to a claim filed by a corporation if fugitive is the "majority shareholder, or individual filing the claim on behalf of the corporation"). There is no "fugitive natural person" acting through the corporate entity in an attempt at using judicial resources of United States courts to file a claim in a forfeiture case. *See All Funds on Deposit*, 87 F. Supp. 3d at 168 (claimant not barred from filing claim on behalf of entities in forfeiture proceedings because she was not a "fugitive" within the meaning of the statute); *cf. $6,976,934.65 Plus Interest*, 478 F. Supp. 2d at 43 (permitting limited discovery where there was substantial evidence the "fugitive" controlled the corporation filing claim in forfeiture action). Indeed, there is no fugitive at all – and the doctrine simply does not apply.

Cheung is the CEO and sole owner and director of Perfectus. *See* RJN, Exs. 1-4; Greenberg Decl., ¶ 3, Ex. A. The government does not challenge (or attempt to challenge) the veracity of Cheung's claim that he is the sole owner and director and CEO of Perfectus. *See* Greenberg Decl., ¶ 3, Ex. A. Indeed, the government's Motion has not set forth *any* admissible evidence that Cheung is not the "majority shareholder" of Perfectus – nor has it alleged that a fugitive controls Perfectus to such an extent that the fugitive is deemed to be acting through it to advance the forfeiture claim.

The government's citation to *U.S. v. All Assets Listed in Attachment A* is inapposite, where the individual defendant filing claims in the forfeiture proceedings on behalf of various corporations was determined to be a "fugitive" under Section 2466(a) and was the majority shareholder of those corporate claimants. *All Assets Listed in Attachment A*, 89 F. Supp. 3d 813, 828 (2015). Here, Cheung – the majority shareholder of Perfectus – is *not* an indicted defendant in the related criminal proceedings and therefore, by definition, cannot be a "fugitive" to whom the fugitive disentitlement doctrine applies. *See* Greenberg Decl., ¶ 3. Rather, the decision in *Any and all Funds on Deposit* provides a far more pertinent

analysis.  The claimant in that case, like Cheung, was not a "fugitive" under Section 2466(a) as the claimant was not deliberately avoiding prosecution (and Cheung is not even a named defendant).  *Any and all Funds on Deposit*, 87 F. Supp. 3d at 168.  The court in *Any & All Funds on Deposit* determined that the fugitive disentitlement doctrine was inapplicable.  *Any and All Funds on Deposit*, 87 F. Supp. 3d at 168.

Perfectus should therefore be entitled to seek a claim to the Pallets.

### 3. *At Most, The Government May Seek Limited Discovery*

If the Court determines that the record is unclear as to Cheung's ownership interest in Perfectus, the Court may permit parties to engage in limited discovery "to allow the Court to make an informed finding as to the ownership and control of" Perfectus.  *See U.S. v. $6,946,934.65 Plus Interest*, 478 F. Supp. 2d 30, 44 (2007) (ordering discovery of the corporate claimant's ownership structure to make an informed finding on fugitive disentitlement and "ensure [corporate claimant] has a full opportunity to supplement the record").  This is "to ensure that the claimant gets a full hearing on the question of disentitlement, since disentitlement will have the effect of denying claimant any subsequent hearing in the forfeiture case."  *Id.*  Any inquiry must be limited in scope.  *Id.* at 46 (fashioning appropriate protective orders to permit limited discovery on corporate structure without disrupting the criminal case).

**4. CONCLUSION**

Based on the foregoing, the Court deny the government's motion to strike Perfectus's claim to the Pallets and request to enter default against Perfectus.

DATED: November 22, 2019            **TUCKER ELLIS LLP**

*/s/ Marc R. Greenberg*

Marc R. Greenberg
Attorney for Claimant
PERFECTUS ALUMINUM, INC.

# CERTIFICATE OF SERVICE

This Certificate of Service is made in compliance with Local Rule 5.1.2 and Civ.R. 5(b). I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 South Flower Street Forty-Second Floor, Los Angeles, CA 90071.

On the date indicated below, a true and correct copy of the foregoing **CLAIMANT PERFECTUS ALUMINUM INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CLAIM OF PERFECTUS ALUMINUM, INC. AND ENTER DEFAULT** was filed with Court and served electronically and will be available for viewing and downloading from the Court's CM/ECF system:

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Central District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

Executed on, November 22, 2019, at Los Angeles, CA.

I declare under penalty of perjury that I am employed in the office of a member admitted to practice before the District Court for the Central District of California and ECF registered in this Court at whose direction the service was made and that the foregoing is true and correct.

By */s/ Sofia Escalante*
    Sofia Escalante