Robert F. Ruyak (PHV Forthcoming)
robertr@ruyakcherian.com
Don F. Livornese (SBN 125934)
donl@ruyakcherian.com
**RuyakCherian LLP**
222 N. Pacific Coast Highway, Suite 2000
Washington, DC 20036
Telephone: 202-838-1560

Attorneys for Claimant
PERFECTUS ALUMINUM, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>APPROXIMATELY 279,808 ALUMINUM STRUCTURES IN THE SHAPE OF PALLETS,<br><br>Defendant.<br><br>PERFECTUS ALUMINUM, INC.<br>Claimant. | CASE NO. CV 18-1023 DMG (SPx)<br><br>**CLAIMANT'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Declaration of Robert F. Ruyak; and [Proposed] Order]*<br><br>Date: May 22, 2020<br>Time: 9:30am<br>Courtroom: 8C, Hon. Judge Dolly M. Gee |

**CLAIMANT'S MOTION FOR RECONSIDERATION**

**PLEASE TAKE NOTICE** that on May 22, 2020 at 9:30a.m., or as soon thereafter as the matter may be heard, in the above-entitled Court located at 350 W. 1st Street, Courtroom 8C, Los Angeles, California 90012, before the Honorable Dolly M. Gee, Claimant Perfectus Aluminum, Inc. ("Claimant" or "Perfectus"), by and through its counsel of record, will move for reconsideration of the Court's March 11, 2020, Order (Dkt. No. 54). Specifically, Perfectus seeks reconsideration of the Court's Order (1) granting the Government's Motion to Strike; (2) denying Perfectus' Motion to Dismiss as moot; and (3) denying Perfectus' *Ex Parte* Application for additional time to oppose the Government's pending Motion for Order Authorizing Interlocutory Sale as moot.

This motion, made pursuant to Local Rule 7-18, is supported by new material facts and circumstances, which demonstrate that the Fugitive Disentitlement Statute no longer applies. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Declaration of Robert F. Ruyak, the pleadings and papers on file herein and upon such further matters as may be presented to the Court at or before the date of the hearing.

The parties began their meet and confer through counsel on March 19, 2020, in compliance with Local Rule 7-3 prior to the filing of this Notice of Motion and Motion. *See* Declaration of Robert F. Ruyak ("Ruyak Decl."), ¶7.

DATED: March 26, 2020            **RuyakCherian LLP**

/s/ Don F. Livornese
Robert F. Ruyak (PHV Forthcoming)
Don F. Livornese
Attorneys for Claimant
PERFECTUS ALUMINUM, INC.

## I. INTRODUCTION

New material facts and circumstances obviate any basis for the Government to obtain a default order of forfeiture by striking Perfectus' claim to approximately 279,808 aluminum structures (the "Pallets") – ***worth tens of millions of dollars***. Perfectus' counsel has entered a Notice of Appearance in the related criminal matter (*United States v. Liu et al*, Case No. 19-cr-282-RGK) and the Court's order invoking the Fugitive Disentitlement Statute against Perfectus is no longer applicable to this matter. Perfectus respectfully requests that this Court reconsider its Order based on the new facts presented, and in the interests of justice, proceed with litigation on the merits of the Government's Complaint.

The Government cannot prevail on its forfeiture claim should the matter proceed, which would make a default order unjust and unfair, and a deprivation of due process under the changed circumstances. In addition to the arguments previously proffered to Perfectus' Motion to Dismiss, (Dkt. No. 20), the Government's Complaint is deficient for several reasons. On the merits, the Government has no claim to the Pallets. Forfeiture is not justified under the changed circumstances and the interests of justice support the instant request for relief.

Accordingly, the Court should grant Perfectus' Motion for Reconsideration and allow Perfectus to exercise its right to litigate this civil forfeiture action on the merits.

## II. PROCEDURAL BACKGROUND

### A. Civil Forfeiture Proceedings

On February 7, 2018, the Government filed an action seeking the civil forfeiture of Defendant Approximately 279,808 Aluminum Structure in the Shape of Pallets (the "Pallets"), on the grounds that they are subject to forfeiture pursuant to 18 U.S.C. §§ 545 and 981(a)(1)(C). (Dkt. No. 1). The Government alleged that the Pallets were illegally imported aluminum extrusions that had been configured in the shape of pallets for the purpose of avoiding anti-dumping duties, and were not, in fact, useable as pallets. (Dkt. No. 1).

On March 16, 2018, Perfectus Aluminum, Inc. ("Perfectus") filed a Claim on the Pallets.  (Dkt. No. 18).

### B.  Criminal Proceedings

On May 7, 2019, the Government filed criminal charges against individuals and corporate defendants relating to the alleged illegal importation of aluminum extrusions into the United States, including, but not limited to, Perfectus Aluminum Inc. (*United States v. Zhongtian Liu, et al*, Case No. 19-cr-282-RGK).  *See* Declaration of Robert F. Ruyak ("Ruyak Decl."), ¶2.  On September 19, 2019, the Court issued an order finding that Perfectus was properly served but failed to appear.  Ruyak Decl., ¶3.  The Court ordered that Perfectus pay civil contempt sanctions which would accrue until Perfectus made an appearance in the criminal case.  Ruyak Decl., ¶3.

### C.  The Government's Motion to Strike Perfectus' Claim to the Pallets in the Civil Forfeiture Action

On September 16, 2019, the Government filed a Motion to Strike Claim and Enter Default in the civil forfeiture action against the Pallets on the basis that the Fugitive Disentitlement Statute, 28 U.S.C. §2466, barred Perfectus from pursing its Claim, among other things.  (Dkt. No. 40).

On November 22, 2019, Perfectus filed its opposition to the Government's Motion to Strike.  (Dkt. No. 49).

On November 29, 2019, the Government filed its reply brief in support of its Motion to Strike.  (Dkt. No. 51).

On March 11, 2020, the Court issued its ruling granting the Government's Motion to Strike.  (Dkt. No. 54).  The Court concluded that the Fugitive Disentitlement Statute, 28 U.S.C. § 2466, authorized striking Perfectus' claim to the Pallets.  (Dkt. No. 54, at 14).  This decision was based on the Court's interpretation of the term "person" as used in the Fugitive Disentitlement Statute, finding that "person" encompassed corporate claimants under the Rules of Civil Procedure pertaining to civil forfeiture actions.  (Dkt. No. 54, at 10-13).  The Court's decision was dependent upon the fact that Perfectus had,

1  as of that date, failed to appear in the criminal matter. (Dkt. No. 54).

### D. Perfectus' Appearance in the Criminal Matter

On March 19, 2020, Robert F. Ruyak and Don F. Livornese, counsel for Perfectus, filed a Notice of Appearance on behalf of Perfectus Aluminum Inc. aka "Perfectus Aluminum Inc.", and Perfectus Aluminum Acquisitions LLC in the matter of *United States v. Zhongtian Liu, et al*, Case No. 19-cr-282-RGK. Ruyak Decl., ¶4, Exs. A, B.[1]

## III. LEGAL STANDARD

Under Local Rule 7-18, courts may grant a motion for reconsideration based on, *inter alia*, "the emergence of new material facts or a change of law occurring after the time of such decision." C.D. Cal. L.R. 7-18. Further, the Ninth Circuit has held that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "Whether to grant a motion for reconsideration ... is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.*, 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007).

## IV. ARGUMENT

### A. New Material Facts Support Reconsideration of the Court's Order

Appearance by counsel in the criminal matter constitutes "the emergence of new material facts" that warrants reconsideration of this Court's March 11, 2020, Order striking Perfectus' claim to the Pallets ***worth tens of millions of dollars***. Specifically, the Court interpreted the term "person" as used in the Fugitive Disentitlement Statute, finding that "person" encompassed corporate claimants under Rules of Civil Procedure pertaining to civil forfeiture actions. (Dkt. No. 54, at 9-12). The Court then ruled that because

---

[1] Mr. Ruyak's Notice was deemed deficient because he has not yet been able to file his PHV application pending receipt of a Pennsylvania Notice of Good Standing (which requires correspondence by mail), but he will file that application as soon as possible. Mr. Livornese is admitted in California and to this Court so his appearance was effective.

Perfectus had not appeared in the related criminal matter, the Fugitive Disentitlement Statute, 28 U.S.C. § 2466, prohibited Perfectus from making a claim in this civil forfeiture action. (*Id.* at 10-14). The Court's decision was, therefore, dependent upon the fact that Perfectus had failed to appear as of the date of the Court's decision, in the criminal matter.

However, on March 19, 2020 these facts changed when Perfectus' counsel filed a Notice of Appearance in the related criminal matter. Further, Perfectus has filed an *ex parte* application in the criminal matter that includes a request to schedule its first appearance in the criminal matter before a Magistrate Judge on or about April 20, 2020, as permitted given the Court's COVID-19 procedures and restrictions. *See* Ruyak Decl. ¶ 5. Given these new facts, Perfectus is not a "fugitive" under any application of the Fugitive Disentitlement Statute, and there is no longer any basis upon which the Court should permit a forfeiture through default in this matter.

By appearing in the criminal case, Perfectus "voluntarily terminate[s] [its] fugitive status and surrender[s] itself … to answer the criminal charge[s]." *United States v. $671,160.00 in U.S. Currency*, 730 F.3d 1051, 1059 (9th Cir. 2013). Therefore, Perfectus "has every right to challenge the seizure of the property and the government's civil allegations … against [it]." *United States v. $1,474,770.00 in U.S. Currency*, 538 F. Supp. 2d 1298, 1302 (S.D. Cal. 2008); *see also Katz v. United States*, 920 F.2d 610, 613 (9th Cir. 1990) ("We will not ... make the disentitlement doctrine apply when the person seeking judicial relief is no longer a fugitive"), abrogated on other grounds by *Lozada v. Deeds*, 964 F.2d 956 (9th Cir. 1992).

Forfeitures are not favored; they should be enforced only when within both [the] letter and spirit of the law." *U.S. v. One 1936 Model Ford V-8 DE Luxe Coach, Motor No. 18-3306511*, 307 U.S. 219, 226 (1939) (internal citations omitted); *see also U.S.v. Marolf*, 173 F.3d 1213, 1217 (9th Cir. 1999). Indeed, the Court's March 11, 2020, Order addressed the history of the Fugitive Disentitlement statute, and acknowledged Supreme Court precedent critiquing the expanse of the Fugitive Disentitlement statute's predecessor doctrine as a "harsh sanction" outside the scope of the court's inherent power.

(Dkt. No. 59, at 7.)

Moreover, the Ninth Circuit is "particularly wary of civil forfeiture statutes, for they impose 'quasi-criminal' penalties without affording property owners all of the procedural protections afforded criminal defendants." *Marolf*, 173 F. 3d at 1217.

Perfectus' appearance in the criminal proceeding negates any basis to grant a default forfeiture of the Pallets. *See* Ruyak Decl., ¶4, Exs. A, B. Accordingly, the Court should reconsider its order as a "rare judicial act" and allow litigation to proceed on the merits. "Whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.* (9th Cir. 1985) 770 F.2d 811, 814; see *Belcourt Pub. School Dist. v. Davis* (8th Cir. 2015) 786 F3d 653, 661And default judgments "should be a rare judicial act." *Id.*

### B. The Government is Unlikely to Prevail on the Merits and the Interests of Justice Favor Litigation

It would be a miscarriage of justice to deprive Perfectus of due process by taking away its opportunity to have the case decided on the merits because the Government is unlikely to prevail. There are a number of deficiencies with the Government's Complaint making it imperative that Perfectus have the opportunity to litigate on the merits and to protect its property from improper forfeiture.

On the merits, Perfectus will show that there was no illegal importation of aluminum into the United States. The facts will also show that the importers correctly described the goods as heavy-duty aluminum shipping pallets to U.S. Customs and Border Protection ("Customs") and not subject to the U.S. Department of Commerce's antidumping and countervailing duty orders (the "AD/CVD Orders"). Customs permitted the duty entries related to the import of the aluminum to be "liquidated" (i.e., closed upon a determination that no additional duties were owed) in the normal course. *See* 19 C.F.R. §§159 *et seq.* The Government has known about the aluminum for years (and the import classification codes used by the entities which imported them) and has subjected the aluminum to numerous inspections, permitting thousands of shipments to be exported

after inspection and, in some cases, after detention. Any transport of the aluminum to the warehouses was years after the legal importation into the United States.

Moreover, starting in 2014, the Government conducted a detailed audit of one of the importers of the same aluminum, and concluded in 2015 that there were no violations of U.S. trade laws. It was not until a request by domestic competitors of the importers that the Government concluded *for the first time* that the aluminum pallets were prospectively subject to the AD/CVD Orders, thereby initiating this improper "retroactive" forfeiture action. *See United Steel and Fasterns, Inc. v. U.S.*, 203 F. Supp. 3d 1235 (Ct. Int'l Trade 2017). The extreme remedy of a default judgment in this matter – with no litigation on the merits – would be unjust, and unsupported by law.

These arguments, though not exhaustive, demonstrate that the instant case should be resolved on the merits – not by a default judgment that was based on the application of a statute that no longer applies to the changed facts and circumstances. Accordingly, the Court should grant Perfectus' Motion for Reconsideration as Perfectus' appearance in the criminal matter constitutes the "emergence of new material facts" under C.D. Cal. L.R. 7-18 and because the interests of justice require litigation on the merits.

## V.   CONCLUSION

For the reasons set forth above, Perfectus respectfully requests that the Court reconsider its Order (1) granting the Government's Motion to Strike Perfectus' claim; (2) denying Perfectus' Motion to Dismiss as moot; and (3) denying Perfectus' *Ex Parte* Application for additional time to oppose the Government's pending Motion for Order Authorizing Interlocutory Sale of Defendant Real Property as moot.

DATED: March 26, 2020     **RuyakCherian LLP**

/s/Don F. Livornese
Robert F. Ruyak (PHV Forthcoming)
Don F. Livornese
Attorneys for Claimant
PERFECTUS ALUMINUM, INC.